IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| BRINK FIDLER and JUSTIN FOX, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>THE TWENTIETH JUDICIAL )<br>DISTRICT DRUG TASK FORCE a/k/a )<br>the METRO MAJOR DRUG )<br>ENFORCEMENT PROGRAM, )<br>)<br>    Defendant. ) | No. 3:16-cv-02591<br>Judge Crenshaw<br>Magistrate Judge Holmes |

## DEFENDANT'S DAMAGES BRIEF

Plaintiffs sue Defendant for unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The FLSA permits a prevailing employee to recover (1) the employee's unpaid overtime compensation, (2) an additional equal amount in liquidated damages, and (3) a reasonable attorney's fee and costs of the action. 29 U.S.C. § 216(b).

### I. DEFENDANT DISPUTES THE AMOUNT OF UNPAID OVERTIME COMPENSATION.

Unpaid overtime compensation is the product of an employee's final rate of pay times the employee's number of unpaid hours. Defendant has admitted and stipulated that Plaintiff Fidler's final rate of pay was $44.913 per hour; however, Defendant disputes the number of hours claimed by Plaintiff Fidler. Plaintiff Fidler has presented a spreadsheet for 2014 and 2015 that he argues support his claimed number of hours.[1] (*See* ECF # 47-2, 47-4). Defendant expects to present

---

[1] Plaintiff Fidler claims 351 unpaid hours. The maximum recoverable amount of unpaid overtime compensation is thus $15,746.46 for Plaintiff Fidler.

1

evidence that the spreadsheets are inadmissible hearsay. Furthermore, Defendant expects to present evidence that, even if the spreadsheets are admitted, they are completely unreliable as they are based on erroneous and inconsistently applied principles.

In *Anderson v. Mt. Clemens Pottery Co.*, the Supreme Court articulated a two-part standard allowing employees to recover approximate damages arising from unpaid wages "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes." *Id.*, 328 U.S. 680, 687 (1946). In those situations, the employee must prove (1) that he "performed work for which he was improperly compensated," and (2) produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* If an employer then fails to rebut with precise data, or otherwise negate the reasonableness of the inference, a court can award damages, "even though the result be only approximate." *Id.* at 688.

## II. LIQUIDATED DAMAGES SHOULD NOT BE AWARDED TO EITHER PLAINTIFF, OR SHOULD BE AWARDED AT A REDUCED AMOUNT.

If an employee successfully proves that he is due unpaid overtime compensation, liquidated damages may be awarded in an equal amount to the unpaid overtime compensation, but the award is not mandatory. The Court has discretion not to award a prevailing employee liquidated damages or to award a reduced amount "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that [the employer] has reasonable grounds for believing that [the] act or omission was not a violation of the FLSA." 29 U.S.C. § 260. The FLSA requires that the employer prove that the FLSA violation "was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon [the employer] more than a compensatory verdict." *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 840 (6th Cir. 2002) (quoting *McClanahan v. Mathews*, 440 F.2d 320, 322 (6th Cir. 1971)). A court

2

determines "whether an employer had reasonable grounds to believe that [the employer's] conduct did not violate the Act . . . under an objective standard." *Solis v. Min Fang Yang*, 345 F. App'x 35, 39 (6th Cir. 2009). "An employer may reasonably rely on advice of counsel as to whether an employment agreement violates the FLSA, even where the agreement is substantively found to be violative." *Featsent v. City of Youngstown*, 70 F.3d 900, 906–07 (6th Cir. 1995).

Defendant expects to present evidence at trial that its actions were undertaken in good faith, and that it had reasonable grounds for believing its actions were not a violation of the FLSA. Defendant further expects to present evidence at trial that the failure to pay overtime compensation to Plaintiffs was partially the result of Plaintiff Fidler's own lack of candor with the other members of the Board of Directors. If the Court determines that Plaintiffs are due unpaid overtime compensation, Defendant requests that liquidated damages not be awarded, or be awarded in a reduced amount.

### III. ATTORNEY'S FEES ARE MANDATORY, BUT MUST BE REASONABLE.

An award of attorney's fees to a prevailing employee is mandatory, although the amount awarded is within the discretion of the Court. *See Smith v. Service Master Corp.*, 592 Fed. App'x 363, 367 (6th Cir. 2014). If the Court determines that Plaintiffs are due unpaid overtime compensation, Defendant requests that Plaintiffs present an accounting of their requested attorneys' fees and costs.

Respectfully submitted,

**HERBERT H. SLATERY III**
**Attorney General and Reporter**

s/ Taylor W. Jenkins
Taylor W. Jenkins, BPR #34906
Assistant Attorney General
Civil Litigation and State Services Division

3

P. O. Box 20207
Nashville, TN 37202-0207
(615) 741-6739
taylor.jenkins@ag.tn.gov

s/ E. Ashley Carter
E. Ashley Carter, BPR # 27903
Assistant Attorney General
Civil Litigation and State Services Division
P. O. Box 20207
Nashville, TN 37202-0207
(615) 741-7932
ashley.carter@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2018, a copy of DEFENDANT'S DAMAGES BRIEF was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

W. Gary Blackburn
Bryant Kroll
THE BLACKBURN FIRM, PLLC
213 Fifth Avenue North, Suite 300
Nashville, TN 37219
gblackburn@wgaryblackburn.com
bkroll@wgaryblackburn.com

s/ Taylor W. Jenkins
Taylor W. Jenkins, BPR #34906