# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BRINK FIDLER and JUSTIN FOX, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 3:16-cv-02591 ) CHIEF JUDGE CRENSHAW |
| THE TWENTIETH JUDICIAL DRUG TASK FORCE, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

On June 5, 2018, Plaintiffs moved to admit Exhibits 11 and 12 into evidence. These are the time logs of Brink Fidler and Justin Fox for 2014 and 2015, to keep track of their accrual and utilization of compensatory time. Defendant objected to the admissibility of the records based upon hearsay. Plaintiffs countered that the records are admissible under the business records exemption contained in Federal Rule of Evidence 803(6). The Court allowed voir dire solely on the issue of the admissibility of the time logs. For the reasons stated on the record, as well as the reasons that follow, the Court excluded the two exhibits.

In its May 30, 2018 Order, the Court explained the standard for admitting records under the business records exception. (Doc. No. 86.) There, the Court stated, a business record is admissible if: "(A) the record was made at or near the time by—or from information transmitted— someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or

(12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6).

Fidler's and Fox's time logs satisfy the first requirement in Rule 803(6) because the evidence establishes that the time logs were created on a regular basis as they performed work for the Task Force. The second requirement is also present because keeping their worktime was a regular and expected responsibility of all Task Force employees. However, the 2014 and 2015 time logs were not the regular activity of the Task Force that was relied upon by the Task Force to perform its work. Rather, they were Fidler's and Fox's personal records of the time they worked and how much compensatory time they had accrued. "A record is considered kept in the ordinary course of business when it is made pursuant to established procedures for the routine and timely making and preserving of business records, and when it is relied upon by the business in the performance of its functions." United States v. Wells, 262 F.3d 455, 463 n.8 (5th Cir. 2001); see United States v. Foster, 711 F.2d 871, 882 (6th Cir. 1983) (same). At times, personal business records may qualify under Rule 803(6) "if they are systematically checked and regularly and continually maintained." Keogh v. C.I.R., 713 F.2d 496, 499 (9th Cir. 1983). But if the business does not "systematically" check the documents, ask for the documents, or rely on the documents, they are not business records. Fambrough v. Wal-Mart Stores, Inc., 611 F. App'x 322, 327 (6th Cir. 2015).

First, the time logs were created by Task Force Member Tim Morgan, at the direction of Fidler, as an experimental alternative method to keep track of the work time of Fidler, Fox and Morgan only. This experimental alternative method had not been rolled out to all Task Force employees, according to Fidler, but was still in an "experimental" phase in order to "get the kinks

out." Only Fidler, Fox, and Morgan used it to test whether the built-in formulas correctly calculated the amount of compensatory time accrued. Fidler reviewed it to ensure the formulas were correct. He never reviewed any of the time entries for accuracy to ensure that he, Fox and Morgan actually worked the hours claimed.

Second, Fidler never shared the 2014 and 2015 time logs with the Board. Instead, he unilaterally decided to experiment with it to determine whether it could accurately be relied upon to keep track of the agents' time. If accurate, he then planned to share it with the Board and if approved, roll it out to all remaining Task Force employees. Indeed, Board Member Glen Funk testified that he would expect Fidler to present the new method for documenting compensatory time to the full Board. The Board never approved Fidler's experimental method.

Third, the Board never relied on the time logs in approving compensatory time or payment of compensatory time. The evidence is that the Board, in fact, had never paid a Task Force employee for accrued compensatory time. There is simply insufficient proof that the Task Force ever relied upon the 2014 and 2015 time logs to perform its business activity.

Accordingly, the Defendant's objection to Exhibits 11 and 12 is sustained and those exhibits are excluded from evidence.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE