# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| **BRINK FIDLER and JUSTIN FOX,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 3:16-cv-02591** |
| **v.** | ) | **Judge Crenshaw** |
| | ) | |
| **THE TWENTIETH JUDICIAL** | ) | |
| **DISTRICT DRUG TASK FORCE a/k/a** | ) | |
| **the METRO MAJOR DRUG** | ) | |
| **ENFORCEMENT PROGRAM,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S BRIEF ON THE COURT'S AUTHORITY TO CONSIDER WITNESS CHARACTER AND CREDIBILITY

Defendant, the Twentieth Judicial District Drug Task Force ("the Drug Task Force"), by and through the Office of the Tennessee Attorney General and Reporter, hereby submits this brief pursuant to the Court's Order (ECF # 100) in support of its argument in Defendant's Brief Regarding Plaintiff Brink Fidler and Mr. Bryant Kroll's Violation of the Court Order (ECF # 96) that the Court has the authority to consider Plaintiff Fidler's character and credibility.

Federal Rule of Civil Procedure 52 permits a trial court to judge the credibility of witnesses when the trial court is the fact-finder. *See* Fed. R. Civ. P. 52(a)(6); *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573–76 (1985). The Court acknowledged this authority during the trial. (ECF # 95, at 24:4–24:6).

The trial court can consider the credibility of witnesses in evaluating both compensatory damages and liquidated damages under the FLSA because there are factual disputes. The parties dispute the facts surrounding multiple elements of the executive exemption. (*Compare* ECF # 94,

1

at 70:8–77:12, *with* ECF # 94, at 131:5–138:18 *and* ECF # 95, at 5:3–14:20). In determining whether compensatory damages are owed to Plaintiff Fidler, the Court can consider the credibility of witnesses to resolve the factual disputes. *See Doty v. Elias*, 733 F.2d 720, 725 (10th Cir. 1984) (stating, in the context of an FLSA lawsuit, "It is the job of the trial court to assess the credibility of witnesses and resolve conflicting testimony.").

The Court can also consider the credibility of witnesses when evaluating whether the Drug Task Force's alleged FLSA violations were in good faith and reasonable. The parties dispute, among other issues, Plaintiff Fidler's role in ensuring that the Drug Task Force complied with the FLSA. In determining whether liquidated damages are owed to either Plaintiff Fidler or Plaintiff Fox, the Court can consider the credibility of witnesses. *See Martin v. Deiriggi*, 985 F.2d 129, 136 (4th Cir. 1992) ("The district court's conclusion that the Appellants' violations of the FLSA were willful is a finding of fact, not to be disturbed by this Court unless clearly erroneous. When, as here, *findings are tied closely to a trial court's witness credibility determinations*, appellate courts give great deference to the trial court's factual findings.") (emphasis added); *Genao v. Blessed Sacrament School*, No. 07 CV 3979(CLP), 2009 3171951, at *2 (E.D.N.Y. Oct. 1, 2009) ("The Court denied plaintiff's motion [for summary judgment] in this regard given that the evidence relating to defendants' good faith and reasonableness was in dispute and based largely on the testimony of various witnesses, *whose credibility would need to be evaluated by the trier of fact*.") (emphasis added).

The Drug Task Force therefore requests the Court to consider Plaintiff Fidler's credibility when analyzing issues where there is a factual dispute.

Respectfully submitted,

**HERBERT H. SLATERY III**
**Attorney General and Reporter**

<u>s/ Taylor W. Jenkins</u>
Taylor W. Jenkins, BPR #34906
Assistant Attorney General
Civil Litigation and State Services Division
P. O. Box 20207
Nashville, TN 37202-0207
(615) 741-6739
taylor.jenkins@ag.tn.gov

<u>s/ E. Ashley Carter</u>
E. Ashley Carter, BPR # 27903
Assistant Attorney General
Civil Litigation and State Services Division
P. O. Box 20207
Nashville, TN 37202-0207
(615) 741-7932
ashley.carter@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2018, a copy of DEFENDANT'S BRIEF ON THE COURT'S AUTHORITY TO CONSIDER WITNESS CHARACTER AND CREDIBILITY was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

W. Gary Blackburn
Bryant Kroll
THE BLACKBURN FIRM, PLLC
213 Fifth Avenue North, Suite 300
Nashville, TN 37219
gblackburn@wgaryblackburn.com
bkroll@wgaryblackburn.com

s/ Taylor W. Jenkins
Taylor W. Jenkins, BPR #34906

4